IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

CHARLES BADO, an individual,

      Plaintiff,

vs.

CARGO HOLDINGS, INC.
a Florida corporation

      Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, CHARLES BADO (hereinafter "Plaintiff") by and through undersigned counsel, sues Defendant, CARGO HOLDINGS, INC., a Florida corporation ("Defendant"), for injunctive relief pursuant to 42 U.S.C. §1281, et. seq. (hereinafter "AMERICANS WITH DISABILITIES ACT" or "ADA") and the ADA Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter "ADAAG"), and alleges:

### JURISDICTION AND VENUE

1.    This is an action for declaratory and injunctive relief brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §1281, et. seq. This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. §1331 and §1343.

2.    Venue lies in this Court pursuant to 28 U.S.C. §1391 and Rule 3.1 of the Local Rules of the United States District Court for the Southern District of Florida, in that the transaction or occurrence giving rise to this cause of action occurred in Broward County, Florida.

## THE PARTIES

3.     At all times material hereto Plaintiff, CHARLES BADO, was and is over the age of 18 years, sui juris, and a resident of Broward County, Florida.

4.     At all times material hereto, Plaintiff has suffered from a "qualified disability" under the ADA; Plaintiff cannot ambulate without assistance.

5.     At all times material hereto, Defendant was and is a Florida corporation, doing business in Broward County, Florida.

6.     On information and belief, Defendant, owns the property and building located at 2301 NE 26th Street in Fort Lauderdale, Broward County, Florida which is open to the public. There is a business located at the subject property, Cargo, which is open to the public and must therefore remove barriers to access where such removal is readily achievable.

7.     Prior to institution of this litigation, the Plaintiff personally visited the subject property; however, Plaintiff's access to the subject property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered to the public therein was restricted and/or limited because of barriers that existed on and amount the premises. Plaintiff's access will continue to be restricted and/or limited in the future, unless and until Defendant is compelled to remove the physical barriers to access and ADA violations present within and upon the subject property.

## COUNT I
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

8.      Plaintiff re-avers and re-alleges the allegations set forth in Paragraphs 1 through 7 above, as though fully set forth herein.

9.      On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

10.     Congress specifically found, inter alia, that[1]:

   i. Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

   ii. Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

   iii. Discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

   iv. Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing

---

[1] 42 U.S.C. § 12101(a)(1) - (3), (5), and (9).

ROSENFELDT & BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.randb-law.com

      facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

    v. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

11. Congress explicitly set forth the purpose of the ADA; to wit[2] :

    i. Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    ii. Provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    iii. Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

12. The congressional legislation gave places of public accommodation a time period of up to one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992 (or

---

[2] 42 U.S.C. § 12101(b)(1)(2) and (4).

ROSENFELDT & BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.randb-law.com

January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less).[3]

13. The subject property is a public accommodation and a service establishment.

14. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA (the "ADAAG").[4]

15. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993, if defendant has 10 or fewer employees and gross receipts of $500,000 or less).[5]

16. The subject property is legally required to be, but is not, in compliance with the ADA and ADAAG.

17. Plaintiff has attempted to access the subject property, but was precluded from fully, properly, and equally accessing the subject property because of his disability; specifically, Plaintiff was precluded by physical barriers to access, dangerous conditions, and ADA violations existing upon the subject property. These violations, which include but are not limited to those enumerated herein, prohibit Plaintiff and other disabled individuals from accessing the subject property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

18. Plaintiff intends to visit the subject facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations offered

---

[3] 42 U.S.C. §12181; 28 C.F.R. § 36.508(a).
[4] 29 C.F.R. Part 36.
[5] 42 U.S.C. § 12181, et seq., and 28 C.F.R. § 36.508(a).

ROSENFELDT & BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4320 | Fax: 954.990.4469
www.randb-law.com

at the subject property; however, in light of his disability, unless and until the subject property is brought into compliance with the ADA, Plaintiff will remain unable to fully, properly, and safely access the subject property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

19.   As a result of the foregoing, Defendant has discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property. Defendant's discrimination is specifically prohibited by 42 U.S.C. § 12182, et seq.

20.   Moreover, Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until it is compelled by this Court to remove all physical barriers upon the subject property which violate the ADA and ADAAG, including but not limited to those specifically set forth herein, and to make the subject property accessible to and usable by persons with disabilities, including Plaintiff.

21.   As noted, Defendant's violation of the ADA and ADAAG have served to discriminate against Plaintiff and other disabled individuals; a specific, **_but not exclusive_**, list of unlawful physical barriers, dangerous conditions, and ADA violations, which preclude and/or limit Plaintiff's ability (because of Plaintiff's disability) to access the subject property and/or fully and equally enjoy the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, include, but are not limited to:

> i. There are rises at the thresholds of entrances at the facility in excess of half (1/2) inch, violating Sections 4.5.2 and 4.13.8 of the ADAAG.

      ii. There is insufficient clear floor space to access goods or services at this facility, in violation of several sections of the ADAAG.

22. The foregoing is not meant to be considered an all-inclusive or exclusive list of ADA and ADAAG violations present at the subject property, but is meant to serve as an example of several of the violations that are known to exist.

23. Moreover, during the course of discovery in this case, Plaintiff intends to have an ADA expert conduct an inspection of the subject property pursuant to Federal Rule of Civil Procedure 34(a)(2), so as to identify each and every ADA violation present upon the subject property.

24. Unless and until Defendant is ordered and compelled to remove the unlawful barriers and conditions present upon the subject property, and to comply with the ADA, Plaintiff expects to be discriminated against, by Defendant, in the future.

25. The removal of most or all of the physical barriers, dangerous conditions, and ADA violations present upon the subject property is readily achievable, and can be accomplished and carried out without unreasonable difficulty or expense.

26. Plaintiff is without an adequate remedy at law, and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist upon the subject property, including but not limited to those set forth herein.

27. This Court is vested with authority to grant injunctive relief sought by Plaintiff herein, including entry of an order requiring alteration and modification of the subject property

so as to make it readily accessible to and useable by individuals with disabilities to the extent required by ADA and ADAAG.

28.  Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay counsel reasonable attorney's fees, costs, and litigation expenses, all of which are recoverable from the Defendant.[6]

WHEREFORE, Plaintiff, CHARLES BADO, respectfully requests that the Court enter an order granting permanent injunctive relief, enjoining Defendant from continuing its discriminatory practices, ordering Defendant to remove the physical barriers to access and to alter the subject property so as to make it readily accessible to and useable by individuals with disabilities, and awarding Plaintiff all reasonable attorney's fees, litigation expenses, and costs.

Dated this 24th day of June, 2011.

Respectfully submitted,

ROSENFELDT & BIRKEN, P.A.
**Counsel for Plaintiff**
100 SE 3rd Ave., Suite 1300
Fort Lauderdale, Florida 33394
Tel:  (954) 990-4343
Fax:  (954) 990-4469

By: _____
STUART A. ROSENFELDT, ESQ.
Florida Bar No.: 316113
SHAWN L. BIRKEN, ESQ.
Florida Bar No.: 418765
FOR THE FIRM

C:\shares\Bado re Center for Enf of Disab Rights\Cargo Holdings dba Cargo\Complaint for Injunctive Relief.docx

---

[6] 42 U.S.C. §§12205, 12117.